IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Glenn and Antoinette Glenn, | ) |
| | ) C.A. No. 6:10-1974-HMH |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Bank of America fka Country Home | ) |
| Loans, Full Spectrum Lending, Inc., | ) |
| Jane Doe, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Bank of America Corporation ("BAC") and Countrywide Home Loans Inc.'s ("Countrywide")[1] (collectively "Defendants") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After reviewing the pleadings and memoranda submitted to the court, Defendants' motion to dismiss is granted in part and denied in part.[2]

I. FACTUAL AND PROCEDURAL HISTORY

Michael and Antoinette Glenn (collectively "Plaintiffs") allege that Defendants fraudulently inflated the value of a December 2003 home appraisal to induce Plaintiffs to

---

[1] Plaintiffs' complaint names as defendants "Country Home Loans" and "Full Spectrum Lending, Inc." ("Full Spectrum"). However, Defendants note that neither of these companies is a legal entity capable of suing or being sued. Plaintiffs agree with Defendants and assert that "Countrywide Home Loans Inc." is the proper defendant. (Pl. Mem. Opp'n Def. Mot. Dismiss 3.)

[2] Both parties have submitted affidavits in support of their respective positions. Because the court did not consider any documents outside of the parties' pleadings and memoranda, the court declines to convert Defendants' motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.

1

refinance their home in January 2004. (Compl. ¶¶ 9-10.) Plaintiffs maintain that when they attempted to refinance their home again in 2006, they discovered that their December 2003 home appraisal was $68,000, but that an employee of either Full Spectrum or Countrywide altered the appraisal to reflect a value of $124,900. (Id. ¶ 4.) Plaintiffs subsequently filed a complaint with the South Carolina Department of Labor Licensing and Regulation ("Department"), and an investigator from the Department concluded that the 2003 appraisal was altered by one of Defendants' employees. (Id. ¶ 11.)

On June 10, 2010, Plaintiffs filed this action in the Greenville County Court of Common Pleas. (Id. ¶ 1.) Plaintiffs pursued four causes of action: (1) civil conspiracy, (2) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), (3) fraud and constructive fraud, and (4) violation of the South Carolina Consumer Protection Code ("SCCPC"). (Id. ¶¶ 15-30.) Defendants removed the case to this court on July 29, 2010, and filed the instant motion to dismiss on August 4, 2010.

## II. Discussion of the Law

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

at 1950. Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Defendants argue that Plaintiffs' claims should be dismissed because (1) they are time-barred under South Carolina's statute of limitations; (2) Plaintiffs lack standing to raise these claims because they belong to Plaintiffs' bankruptcy estate; and (3) Plaintiffs failed to disclose the existence of their claims in prior bankruptcy proceedings and should be estopped from asserting them now. (Def. Mot. Dismiss 1-2.) Alternatively, Defendants maintain that BAC should be dismissed as a party because it is not a successor-in-interest to Countrywide or Full Spectrum and consequently not liable for the alleged torts and statutory violations of either company. (Id. at 1.) The court addresses each argument below.

### A. Time-barred Claims

Defendants contend that Plaintiffs' claims for civil conspiracy, violation of the SCUTPA, fraud, and constructive fraud arose when Plaintiffs sought to refinance their home in 2006 and are time-barred under South Carolina's three-year statute of limitations.[3] (Def. Mot. Dismiss 11-14.) Plaintiffs submit that their claims did not arise until October 2007, and therefore, they are not time-barred. (Pl. Mem. Opp'n Def. Mot. Dismiss 2.)

The statute of limitations is an affirmative defense, and as such, the burden to affirmatively plead its existence rests with the defendant. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006). Although Rule 12(b)(6) tests the sufficiency of the complaint, the

---

[3] Defendants concede that Plaintiffs' action under the SCCPC is not subject to the three-year statute of limitations. Defendants' grounds for dismissal on that claim rest upon their estoppel and standing arguments. (Def. Reply 7.)

3

court may grant a 12(b)(6) motion "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996). Therefore, when a defendant asserts that a claim is time-barred under the statute of limitations, the court may reach the defense on a 12(b)(6) motion only in the "rare circumstances" when the complaint contains sufficient facts to rule on the affirmative defense. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

Under South Carolina law, actions for civil conspiracy, fraud, and constructive fraud are subject to a three-year statute of limitations. S.C. Code. Ann. § 15-3-530(5). Similarly, actions brought under the SCUTPA must be raised within three years. S.C. Code Ann. § 39-5-150. South Carolina courts apply the "discovery rule" to determine when a cause of action arises. S.C. Code. Ann. § 15-3-535 (covering actions for conspiracy, fraud, and constructive fraud); see also S.C. Code Ann. § 39-5-150 (indicating that the discovery rule applies to actions under the SCUTPA). Under this rule, the statute of limitations bars a claim "three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." Id. Applying this standard,

> an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

Mitchell v. Holler, 429 S.E.2d 793, 795 (S.C. 1993). To ascertain the date on which the statute of limitations begins to run under the discovery rule, "the focus is upon the date of discovery of

4

the injury, not the date of discovery of the wrongdoer." Wiggins v. Edwards, 442 S.E.2d 169, 170 (S.C. 1994).

Examining solely the complaint, the court is unable to determine whether Plaintiffs' claims are time-barred. The date on which Plaintiffs discovered they had a claim does not clearly appear on the face of the complaint. The complaint simply indicates that "Plaintiffs attempted to refinance again in 2006. This attempt at a refinance brought to light the false appraisal from 2003." (Compl. ¶ 4.) This statement, however, does not necessitate the conclusion that Plaintiffs discovered their injury concomitantly with the attempt to refinance. Based on the foregoing, the court denies Defendants' motion to dismiss on the ground that Plaintiffs' claims are time-barred.

### B. Bankruptcy Proceedings

On February 1, 2005, Plaintiffs filed for bankruptcy. See In re Michael Clifton Glenn & Antoinette Glenn, No. 05-01077 (Bankr. D.S.C. filed Feb. 1, 2005).[4] Defendants argue that the court should dismiss Plaintiffs' claims because the claims are part of the bankruptcy estate and as such only the trustee has standing to assert them. Further, Defendants submit that Plaintiffs should be estopped from pursuing their claims because they "intentional[ly] conceal[ed]" the claims when they filed for bankruptcy. (Def. Mot. Dismiss 14.)

---

[4] The court is authorized to take judicial notice of public information such as court documents without transforming a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. Sec'y of State for Def. v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

### 1. Standing

When a debtor files a petition for bankruptcy, "all their interests in the instant cause of action bec[o]me property of the bankruptcy estate." Miller v. Pac. Shore Funding, 287 B.R. 47, 50 (D. Md. 2002). "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). A debtor may pursue a claim only upon a showing that "the claim was exempt from the estate or abandoned by the trustee." Miller, 287 B.R. at 50.

Defendants submit that Plaintiffs' causes of action accrued–for the purpose of determining the property of the bankruptcy estate–prior to the date on which Plaintiffs filed their bankruptcy petition, and therefore, only the trustee has standing to assert them. (Def. Mot. Dismiss 16.) However, because resolution of this matter depends upon facts not before the court, namely whether Plaintiffs' claims were exempt from the estate or abandoned by the trustee, the court denies the motion to dismiss on Defendants' standing argument.

### 2. Judicial Estoppel

Additionally, Defendants maintain that Plaintiffs should be estopped from pursuing their claims. "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (internal quotation marks omitted). Before a court will invoke judicial estoppel, a party generally must show:

> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. The position at issue must be one of fact as opposed to one of law or legal theory. Second, the prior inconsistent position must have been accepted by the court. Lastly, the party against whom judicial estoppel is to be applied must have intentionally misled

> the court to gain unfair advantage. This bad faith requirement is the determinative factor.

Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) (internal quotation marks and citations omitted). Courts frequently apply the doctrine of judicial estoppel when a plaintiff intentionally conceals a legal claim by omitting it on the bankruptcy petition and then subsequently asserting it as a civil action. Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010) (declining to find that the plaintiff was estopped from pursuing her claim because there was no showing of bad faith).

To dispose of Plaintiffs' claims on judicial estoppel grounds would require the court to make factual determinations regarding the nature of Plaintiffs' conduct during Plaintiffs' collateral judicial proceedings. The court is unable to embark on such a factual inquiry at the motion to dismiss stage. Because the court is unable to determine that Plaintiffs acted in bad faith and intentionally concealed their claims from the bankruptcy judge, the court denies Defendants' motion to dismiss on the grounds of judicial estoppel.

### C. Bank of America Corporation

Defendants also argue that the court should dismiss Plaintiffs' claims as they relate to BAC, contending: "As it stands now, there are no allegations on the face of the complaint sufficient to state a plausible cause of action against BAC." (Def. Reply 1.) Plaintiffs' theory of liability against BAC was based upon their belief that BAC is a successor-in-interest and owner of Countrywide. (Compl. ¶¶ 1-2.) However, Plaintiffs indicated in their memorandum in opposition to Defendants' motion to dismiss that they were pursuing their action against Countrywide, but that they "request[] leave to further amend in the event [Countrywide] is a

'hollow' shell and pierce this corporate maze on an alter ego theory." Construing this statement as consent to the dismissal of Plaintiffs' claims against BAC, the court grants Defendants' motion to dismiss all claims against BAC.

Therefore, it is

**ORDERED** that Defendants' joint motion to dismiss, docket number 9, is granted in part and denied in part; the motion to dismiss claims against BAC is granted, and the motion to dismiss claims against Countrywide is denied. It is further

**ORDERED** that the Clerk of Court amend the docket to reflect the correct names of Defendants as Countrywide Home Loans Inc. and Jane Doe.

**IT IS SO ORDERED.**

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
September 22, 2010